IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ULYSSES CLARK,**

                      **Plaintiff,**

      v.                                          CASE NO.11-3218-SAC

**RAY ROBERTS, et al.,**

                      **Defendants.**


**O R D E R**

Before the court is a 35 page civil complaint seeking relief under 42 U.S.C. § 1983, filed pro se by a prisoner incarcerated in a Kansas correctional facility.[1]

**Background and Claims**

Plaintiff states that he has diabetes, and that he is an "incomplete quadriplegic" with limited motion after a 1993 back injury. In his complaint plaintiff alleges jail and prison staff have acted with deliberate indifference to his medical needs, and details specific allegations related to claims of inadequate medical care and assistance during plaintiff's confinement in the Geary County jail, the Kansas Department of Corrections (KDOC) Reception and Diagnostic Unit (RDU) at the El Dorado Correctional Facility (EDCF), and the Norton Correctional Facility (NCF). Plaintiff names as defendants some 38 individuals spanning those various facilities,

---

[1] Plaintiff subsequently submitted the full $350.00 district court filing fee in this matter. Accordingly, plaintiff's pending motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, submitted without the certified financial records required by § 1915(a)(2), is moot.

and the State of Kansas.

*Claim I - Geary County Defendants*[2]

Plaintiff's first claim concerns his confinement in the Geary County Jail from June 26 to December 14 in 2009 during which he was held in a suicide cell and his calls for medical attention were ignore. Plaintiff claims the cell was not handicap accessible, there was inadequate attention to his bowel and catheter needs, bed sores beyond his reach were left untreated, the lack of handicap shower caused him to repeatedly fall, medical care was provided only by a physician assistant rather than a doctor, the jail's substitution of prescribed medications caused significant fluctuation in plaintiff's blood sugar, and this long term isolation caused him emotional pain and psychological damage.

*Claim II - KDOC-EDCF/RDU Defendants*

While confined in the RDU at EDCF from December 14, 2009, to April 19, 2010, plaintiff claims no care was provided for his paralysis, diabetes, and cancer (which plaintiff cites for the first

---

[2]The court reads the complaint as naming the following defendants regarding plaintiff's confinement in the Geary County Jail:
    Lt. Wilbur
    Deputy Supervisory Guard Ballard
    Corporal Guard Arouni
    Deputy Guard Florberg
    Deputy Guard Hillenbrant
    three "Jane Doe" guards
    Advance Medical (as providing contracted medical services)
    Advance Medical Nurse or PA Jennifer
    Advance Medical Nurse Taylor
    Advance Medical Doctor "John Doe"
    two "Jane Doe" Advance Medical Nurses or PAs

2

time). He claims he received no palliative care or therapy,[3] and was not provided adequate pain management, wound and skin preparations, and ostomy supplies. He further claims he was denied a commode chair, wheelchair cushions, and a specialized mattress.

*Claim III - CCS-EDCF/RDU Defendants*

As a separate claim, plaintiff sets forth specific allegations against CCS defendants during his four month confinement in RDU, including inattention to his bed sores, failing to provide adequate enemas or care to plaintiff's catheter and bowel needs, failing to provide massages or medications to control muscle spasms, and not providing water during the night or an electric toothbrush. Plaintiff also claims these defendants failed to transfer him to a state correctional facility for better medical care, and claims they placed him in general population without a call button and without proper medication to prevent excessive sweating.

*Claim IV - KDOC-NCF Defendants*[4]

From April 19, 2010, to the date he filed his complaint, plaintiff was confined in NCF but for two days when he was

---

[3] Plaintiff cites not receiving radiation therapy, physical therapy, occupational therapy, chemotherapy, and respiratory therapy. He also claims care from a psychiatric nurse or social worker was not provided.

[4] The court reads the complaint as naming the following NCF defendants:
    Health Administrator Tien
    Dr. Villanueva
    Nurse Smothers
    Nurse Delimont
    Director of Nursing Chishum
    Nurse Rutherford
    Warden Shelton
    Unit Team Manager Petrie

3

transferred to the Geary County jail for a court appearance.

Plaintiff claims his transfer to NCF, a facility not equipped to meet his medical needs, was in retaliation for his grievances against CCS staff at EDCF. Plaintiff states a proper shower chair was not provided, subjecting him to falls with the risk of infection and inmate abuse. Plaintiff states he received no assistance in personal care or with bowel and catheter problems. A companion aide was assigned, but that aide did not address plaintiff's handicap needs, and would not "spot" weights for plaintiff. Plaintiff states he was forced to wear diapers when the facility ran out of catheters in June or July 2011, and necessary catheter supplies were not available on November 27, 2011. Plaintiff was directed to walk daily, but was subjected to inmate abuse when his falls were not attended to promptly.

*Relief Sought*

On these claims plaintiff seeks damages from all defendants, his transfer to the Larned State Mental Health Correctional Facility as the only Kansas facility able to handle his medical and emotional problems, and to be provided specific medical equipment and specialized treatment.

### Screening of the Complaint

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b). *See Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir.2000)(§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a

governmental entity, officer, or employee).

A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

To state a claim for relief, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. At this stage, the court accepts all well-leaded allegations as true and views them in the light most favorable to the plaintiff. *Id.* at 555.

Having carefully reviewed the materials submitted by plaintiff, the court finds the complaint is subject to being dismissed for the following reasons.

*Statute of Limitations*

The court first finds plaintiff's first claim against Geary County defendants is subject to being summarily dismissed as time barred.

A two-year statute of limitations applies to civil rights actions brought pursuant to 42 U.S.C. § 1983. *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir. 1993). Here, plaintiff's allegations against the Geary county defendants involve events occurring outside the two year limitation period, but for any event that might have occurred on the day of plaintiff's transfer from that county facility. Accordingly, absent a

5

cognizable allegation of constitutional error on that single day, plaintiff's claims against the Geary County defendants state no claim for relief because they are time barred.

*Personal Participation*

Plaintiff's second, third, and fourth claims are subject to being dismissed because the complaint fails to set forth a sufficient factual or legal basis for plausibly establishing any particular named defendant's personal participation in the alleged violation of plaintiff's rights.

Personal participation is an essential allegation in a § 1983 action. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir.1976). Plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position, or a broad claim that defendants "condoned, ignored, or turned a blind eye to" the violation of plaintiff's rights. *Rizzo v. Goode*, 423 U.S. 362 (1976). *See also Dodds v. Richardson*, 614 F.3d 1185, 1194-95 (10th Cir.2010)(questioning viability of § 1983 supervisory liability after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Also, to the extent plaintiff seeks damages from municipal or corporate defendants, such as Geary County or CCS, these claims are subject to being summarily dismissed because plaintiff fails to allege any factual basis for plausibly finding that an official policy or custom of the municipality or corporation directly caused the violation of plaintiff's constitutional rights. *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978)(setting forth requirements for municipal liability as a "person" subject to suit under § 1983); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194 (10th

Cir.2003)(extending *Monell* to private defendants sued under § 1983).

*Conclusory Allegations*

Plaintiff also fails to identify any specific factual support for his bare claims of conspiracy and civil rights violations. Such conclusory allegations are insufficient to state a claim for relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

*Eleventh Amendment Immunity*

To the extent plaintiff names the State of Kansas as a party defendant, any such claim should be dismissed because the Eleventh Amendment doctrine of sovereign immunity bars private individuals from suing nonconsenting states in federal court. *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir.2006). *See Saunders ex rel. Rayl v. Kansas Dept. of Social & Rehabilitation Services*, 317 F.Supp.2d 1233, 1241 (D.Kan.2004)(State of Kansas has not waived sovereign immunity from suits under 42 U.S.C. § 1983).

*Joinder Principles*

Finally, to the extent plaintiff can avoid summary dismissal of his claims for the reasons stated above, joinder concerns are implicated by plaintiff naming a wide range of defendants in at least three different facilities.

The Federal Rules of Civil Procedure allow joinder of claims and defendants "arising out of the same transaction, occurrence, or series of transactions or occurrences" that involve questions of law

or fact common to all defendants.[5] Plaintiff's combining of all allegations at the different facilities into one complaint involves the type of joinder of claims and defendants that is discouraged under the Federal Rules of Civil Procedure and the Prison Litigation Reform Act.

Accordingly, notwithstanding plaintiff's repeated underlying allegations of being denied necessary medical care, severance of the complaint into separate actions to comply with joinder principles will be necessary on any claims that are not summarily dismissed for the reasons stated above, and that involve defendants at different institutions.

**Notice and Show Cause Order to Plaintiff**

For the reasons stated herein, the court concludes the complaint is subject to being summarily dismissed as stating no claim for relief. The court thus directs plaintiff to show cause why the all claims and defendants should not be summarily dismissed for the reasons stated by the court. The failure to file a timely response may result in dismissal of the complaint without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20)

---

[5]Fed.R.Civ.P. 18 allows a plaintiff to join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

Fed.R.Civ.P. 20 allows the joinder of several parties if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants.

days to show cause why the complaint should not be summarily dismissed for the reasons stated by the court.

**IT IS SO ORDERED.**

DATED:  This 12th day of June 2012 at Topeka, Kansas.


<u>s/ Sam A. Crow</u>
SAM A. CROW
U.S. Senior District Judge